UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| HAKAM BATARSEH, | ) |  |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:07-CV-350-TS |
| WIRELESS VISION, LLC, | ) | |
| Defendant. | ) | |

**OPINION and ORDER**

Before the Court is a Motion to Dismiss for Lack of Jurisdiction [DE 15], filed November 15, 2007, by Defendant Wireless Vision, LLC. The Defendant seeks dismissal of this lawsuit on two grounds: the amount in controversy is not more than $75,000, so the Court does not have subject matter jurisdiction over this case; and there is a binding arbitration clause that prevents the Court from hearing the case.

This is a breach of contract case involving a commercial lease between Hakam Bataresh, the Plaintiff and landlord, and the Defendant, the former tenant. They entered into a three-year lease, starting on November 1, 2006, and ending on October 31, 2009, with monthly payments of $7000. (Lease, Compl. Ex. A., 1–2, DE 1-2 at 1–2.) The Defendant sent a letter on August 29, 2007, to the Plaintiff stating it was "terminating the . . . lease." (Denha Letter, Compl. Ex B., DE 1-2 at 8.)

The Plaintiff's one-count Complaint is for breach of contract, alleging that the Defendant abandoned the property, did not pay rent for September and October of 2007, and failed to cure its financial obligation after being given notice of default. The Complaint states that the Defendant owes the Plaintiff $189,356.60 for the two months of missed rent and the rent amount for the remainder of the lease term. The Plaintiff also seeks prejudgment interest of five percent

"on any unpaid arrears," and attorneys' fees pursuant to the default clause of the lease agreement. (Compl. ¶ 10.)

The Defendant argues: "On the face of Plaintiff's Complaint . . . the lawsuit concerns '. . . the rents for the months of September and October, 2007.'" (Def. Mot. to Dismiss ¶ 4.) The Defendant states that the lease agreement does not contain "an acceleration clause which might have allowed Plaintiff to advance future rents in the event of a breach." (*Id.* at ¶ 6.) With monthly rent of $7000, the Defendant argues that the amount in controversy is only $14,000, (*id.* at ¶ 7), far less than the amount required for diversity jurisdiction under 28 U.S.C. § 1332,[1] which requires an amount in controversy in excess of $75,000.

The issue for the Court to determine is whether the amount in controversy in this breach of contract action exceeds $75,000. The Seventh Circuit recently explained the standards courts should employ when the amount in controversy is at issue:

> [A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is legally certain that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*LM Ins. Corp. v. Spaulding Enter. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir.2006)). In this case, the lease agreement states that it will be construed under Indiana law. (Lease, Compl. Ex. A., 6, DE 1-2.)

---

[1] It appears there is diversity of citizenship in this case. The Complaint states that the Plaintiff is a citizen of Indiana because he is domiciled here, and that the Defendant, which is a limited liability corporation, is a citizen of Michigan because it "is incorporated in the State of Michigan, its Members are domiciled in Michigan[,] and its [principal] place of business is in Michigan." (Compl. ¶ 3.)

2

In Indiana, "[a]s a general rule, a tenant is liable for all rent remaining under a lease after the tenant vacates the property." *Marshall v. Hatfield*, 631 N.E.2d 490, 492 (Ind. Ct. App. 1994). According to that rule, the Defendant would be liable to the Plaintiff for the rent amount for the 25-month remainder of the term. That amount is much more than what is needed for diversity jurisdiction. Also, the Plaintiff in his Complaint states that he is seeking $189,356.60 in damages, which is far greater than the required amount of in excess of $75,000 needed for diversity jurisdiction. The Court finds that these jurisdictional facts are proven by a preponderance of the evidence based on the pleadings.

The Defendant in paragraph four of its Motion to Dismiss selectively quotes from the Plaintiff's Complaint, but the Plaintiff in his Complaint clearly alleges that he is seeking more than just the rent for September and October of 2007. He is seeking "the rent for the remaining term of the Lease, which is $189,356.60." (Compl. ¶ 40.) The Defendant argues that the lease does not have "an acceleration clause which might have allowed Plaintiff to advance future rents in the event of a breach." (Def. Mot. to Dismiss ¶ 6.) However, the lease states that "Landlord may take possession of the premises . . . without prejudicing Landlord's right to damages." (Lease, Compl. Ex. A, DE 1-2 at 3.)

Given the general rule in Indiana, the wording of the lease, and the plain language of the Complaint, the Court cannot say "it is legally certain that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor," *LM Ins. Corp*, 533 F.3d at 547, which is what is needed to dismiss the case as the Defendant requests. This, of course, does not mean the Plaintiff will necessarily prevail; it only means that the amount in controversy satisfies the requirements of diversity jurisdiction.

For these reasons, the Defendant's motion to dismiss on grounds that there is no subject matter jurisdiction will be denied.

The Defendant's other basis for requesting dismissal is that the lease is governed by a mandatory arbitration clause in an Asset Purchase Agreement ("Agreement").. The Lease itself contains no mention of arbitration. The Defendant argues that the lease "was part and parcel of an Asset Purchase Agreement," (Def. Mot. to Dismiss ¶ 9), between the parties, and that Agreement requires that disputes be arbitrated. The Defendant attached as an exhibit a portion of the Asset Purchase Agreement, (*see* DE 16-3), which indeed contains an arbitration clause. In the exhibit, the text of that agreement begins at Article XI and runs for four pages. Based on the fact that the Defendant omitted ten previous articles, most of the Agreement was not included in the record. The Defendant also mentions: other articles in the Agreement (articles that are not included in the Agreement excerpt that is submitted as the exhibit); the fact that those articles concern representations by the Plaintiff; indemnification; constructive eviction; flooding; and the timing of a dispute about the premise's condition. But it is not clear how these issues might relate to the Agreement's arbitration requirement and how that, in turn, applies to the Lease.

The Plaintiff argues that "nowhere in the Asset Purchase Agreement is the subject Lease referred to, and the Asset Purchase Agreement does not deal, in any way, with the lease property." (Pl. Mem. in Opp. ¶ 10.) The Defendant counters that the Agreement "refers to the lease with specificity. Indeed, Mr. Batarseh signed the Asset Purchase Agreement, in part, because he, himself, was the landlord of this property." (Def. Reply 2.) However, the Defendant does not provide or cite to the location in the Agreement where the lease is mentioned. Further, the fact that the Plaintiff signed the Agreement does not mean that it governs the Lease, which is

4

a separate document.

The Federal Arbitration Act ("FAA") applies to written agreements to arbitrate "in any maritime transaction or a contract evidencing a transaction involving commerce," and it provides that binding arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The determination of whether parties are contractually bound to arbitrate and what issues they are bound to arbitrate are matters to be determined by the court. *AT&T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 649 (1986) (stating that "[i]t is the court's duty to interpret [an] agreement and to determine whether the parties intended to arbitrate"); *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 730 (7th Cir. 2005). Although the FAA "'favors resolution of disputes through arbitration, its provisions are not to be construed so broadly as to include claims that were never intended for arbitration.'" *Cont'l Cas. Co.*, 417 F.3d at 730 (quoting *Am. United Logistics, Inc. v. Catellus Dev. Corp.,* 319 F.3d 921, 929 (7th Cir. 2003)). The parties must have agreed in advance to submit the disputes to arbitration because the arbitration agreement is the source of the arbitrator's authority to resolve those disputes, and a party may not be forced to arbitrate any dispute that the party did not agree to arbitrate. *AT&T Techs.*, 475 U.S. at 648–49. Courts must be mindful that the FAA "'is a congressional declaration of a liberal federal policy favoring arbitration agreements" and "that questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'" *Cont'l Cas. Co.*, 417 F.3d at 730–31 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24 (1983)).

In this case, it is impossible to determine what the Agreement pertains to, including whether it applies to the Lease, without all of its terms being available for review. For whatever

5

reason, the Defendant only provided a few pages of the Agreement in the record. It is not clear that the Agreement does not refer to or deal with the Lease, as the Plaintiff argues, because the Court cannot review the entire Agreement. Nevertheless, the portion of the Agreement that is available for review does not mention or refer to the Lease, and thus it is unclear whether the Agreement and its arbitration clause govern the lease, or whether they refer to entirely different matters. Because the Defendant failed to provide the entire Agreement and to establish that the arbitration clause applies to the Lease, this Court cannot find on this record that the Agreement's arbitration requirement applies to the Lease. For these reasons, the Defendant's Motion to Dismiss based on this ground will be denied.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss [DE 15] is DENIED.

So ORDERED on November 6, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION