UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| HAKAM BATARSEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:07-CV-350-TS |
| | ) | |
| WIRELESS VISION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION and ORDER**

On October 9, 2007, the Plaintiff, Hakam Batarseh, filed his Complaint [DE 1] alleging that the Defendant, Wireless Vision, LLC. (Wireless), breached a lease agreement. Now before the Court are cross-Motions for Summary Judgment, filed by the Defendant [DE 37] on September 21, 2009, and the Plaintiff [DE 39] on September 22, 2009. The Defendant's Motion asks the Court to grant summary judgment on the ground that the Court lacks jurisdiction over this case due to a binding arbitration clause that governs the contract. The Plaintiff's Motion argues that since it is virtually uncontested that the lease was broken, the Court should grant summary judgment. Each is now fully briefed, and ripe for ruling.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608–09 (7th Cir. 2000) (quoting

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609. However, the court is not required to draw every conceivable inference from the record—only reasonable ones. *Spring v. Sheboygan Area Sch. Dist.*, 865 F.2d 883, 886 (7th Cir. 1989).

**BACKGROUND**

The Plaintiff is a commercial landlord of a building (the building) in Hammond, Indiana. In October, 2006, the Defendant was in the process of purchasing certain assets and businesses from the Plaintiff. As part of the negotiations, the Defendant requested a one-year lease for the

building. The Plaintiff insisted on a three-year lease, and made the purchase of the assets and businesses conditional on the Defendant accepting the three-year lease (the Lease), which the Defendant assented to on October 12, 2006. On the same day, the parties entered into an "Asset Purchase Agreement By and Among Wireless Vision, LLC; ABC Cellular, LLC; ABC Choice Wireless ABC 35, Inc.; Phone Depot, Inc.; Sprint Cermak, Inc. And Hakam Batarseh" (the Agreement). The Lease was attached to the Agreement as Exhibit G.

Section 11.03(a) of the agreement contains an arbitration clause, which provides as follows:

> Any dispute arising under this Agreement shall be settled by arbitration in [metropolitan Detroit, Michigan], in accordance with the Commercial Arbitration Rules of the American Arbitration Association . . . except as provided in Section 11.03c.[1] It is the intention of the Parties that the arbitration award shall be final and binding, shall not be appealable and that a judgment of any circuit court having competent jurisdiction thereof may be rendered upon the award, and enforcement may be had according to its terms. This agreement shall be specifically enforceable against each party. (Agreement at 11.03(a)).

Section 11.04(a) of the agreement contains a choice of laws provision which provides:

> This Agreement shall be governed by and construed in accordance with the internal laws of the State of Michigan without giving effect to any choice of law or conflict of law provision or rule (whether of the State of Michigan or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Michigan.

There are several references to the Lease in the Agreement. First, Section 1.02(e) of the

---

[1] Section 11.03(c) states: "The Parties agree that an action to compel arbitration pursuant to this Agreement may be brought in any court of competent jurisdiction. Application may also be made to any such court for confirmation of any decision or award of the arbitrators, for an order of enforcement and for other remedies that may be necessary to effectuate such decision or award. The Parties consent to the jurisdiction of the arbitrators and of such court and waive any objection to the jurisdiction of such arbitrator and court." The Section is not legally significant to the Court's analysis.

Agreement includes leases as an "Acquired Asset." Second, the Lease was specifically referenced in Section 3.02(k) as an asset that the seller had to deliver at the closing of the Agreement: "An amendment and restatement of the lease agreement for the premises located at . . . [Highland], Indiana on terms and conditions acceptable to the Buyer in the form attached to this Agreement as Exhibit G." Most significantly, Section 10.02(e) of the Agreement, titled "Construction and Interpretation," provides:

> References to Articles, Sections, Exhibits and Schedules mean the Articles, Sections, Exhibits, and Schedules of this Agreement unless otherwise specified. The Exhibits and Schedules are *incorporated by reference into and will be deemed a part of this agreement.* (Agreement at 10.02) (emphasis added).

After the Complaint was filed, the Defendant filed a Motion to Dismiss for Lack of Jurisdiction [DE 15] on November 15, 2007. In its Motion, the Defendant argues that the presence of the arbitration clause stripped this Court of jurisdiction, and asked that the case be dismissed. In a November 6, 2008, Opinion and Order [DE 21], the Court denied the Motion on the narrow ground that the Defendant had not presented enough of the Agreement for the Court to determine whether its terms were intended to be binding on the lease.

## DISCUSSION

The Federal Arbitration Act ("FAA") applies to written agreements to arbitrate "in any maritime transaction or a agreement evidencing a transaction involving commerce," and it provides that binding arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any agreement." 9 U.S.C. § 2. The determination of whether parties are contractually bound to arbitrate and what issues they are bound to arbitrate are matters to be determined by the court. *AT&T Techs., Inc. v. Commc'ns*

*Workers of Am.,* 475 U.S. 643, 649 (1986) (stating that "[i]t is the court's duty to interpret [an] agreement and to determine whether the parties intended to arbitrate"); *Cont'l Cas. Co. v. Am. Nat'l Ins. Co., 417 F.3d 727, 730 (7th Cir. 2005).* Although the FAA "'favors resolution of disputes through arbitration, its provisions are not to be construed so broadly as to include claims that were never intended for arbitration.'" *Id.* (quoting *Am. United Logistics, Inc. v. Catellus Dev. Corp.,* 319 F.3d 921, 929 (7th Cir. 2003)). According to the Supreme Court parties must have agreed in advance to submit the disputes to arbitration because the arbitration agreement is the source of the arbitrator's authority to resolve those disputes, and a party may not be forced to arbitrate any dispute that the party did not agree to arbitrate. *AT&T Techs.*, 475 U.S. at 648–49. Courts must be mindful that the FAA "'is a congressional declaration of a liberal federal policy favoring arbitration agreements" and "that questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'" *Cont'l Cas. Co.*, 417 F.3d at 730–31 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24 (1983)).

In this case, there is no genuine issue of triable fact that it was the parties' intent for the arbitration clause in the Agreement to apply to the Lease—Section 10.02 erases any doubt. It unambiguously states that all attached exhibits are deemed part of the Agreement. It is undisputed that the Lease was an attached exhibit to the Agreement. Moreover, Section 11.03 unambiguously states that any dispute arising under the Agreement is to be settled by arbitration.

The Plaintiff's attempts to argue that the clause does not apply to the Lease are unconvincing. First, the Plaintiff contends that "[n]owhere in said Lease is there an arbitration clause." However, as explained, the arbitration clause is in the Agreement, to which the Lease was attached and made a part. Second, the Plaintiff states that "the subject Lease is not

5

mentioned anywhere, except as an Exhibit to the Agreement." The Court fails to see the legal significance of this argument, and the Plaintiff does not further explain it. The Agreement was clear that the Lease was to be incorporated, and that the arbitration clause was to apply. The Plaintiff does not cite, nor does this Court know of, any law that suggests a meaningful difference between mentioning a lease in an agreement and attaching it as an exhibit. Finally, the Plaintiff contends that the arbitration clause purports to apply only to "[a]ny dispute arising under this agreement," and that "the Asset Purchase Agreement has no [e]ffect on the terms and conditions of the . . . lease[]." Again, the Court fails to see the significance. Even if it were true that the rest of the Agreement had nothing at all to do with the Lease, the parties were free to contract into it anything they wished—including that the arbitration clause in one contract should apply to a previously signed contract. In this case, they did exactly that. Given the clarity with which the Agreement was written, the Court can only find that the instant dispute cannot be settled in this Court.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment [DE 37] is GRANTED, in as much as it applies to the applicability of the arbitration clause and not the merits of the case. The Plaintiff's Motion for Summary Judgment [DE 39] is DENIED as MOOT.

SO ORDERED on December 21, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION