UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| HAKAM BATARSEH, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:07-CV-350-TLS |
| WIRELESS VISION, LLC, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court are the Plaintiff's Motion to Vacate the Arbitrator's Decision [ECF No. 47], filed on September 21, 2010, and the Defendant's Motion to Dismiss [ECF No. 49], filed on October 5. The parties have fully briefed these Motions, and they are ripe for ruling. For the reasons stated below, the Court will deny both Motions.

## PROCEDURAL BACKGROUND

The Plaintiff filed his Complaint on October 9, 2007, alleging the Defendant breached its written lease agreement with the Plaintiff. On November 6, 2008, the Court issued an Opinion and Order denying the Defendant's fully-briefed Motion to Dismiss. On December 21, 2009, the Court issued an Opinion and Order granting the Defendant's Motion for Summary Judgment. The Court's Opinion and Order concluded that the Court lacked the ability to resolve the dispute because the lease agreement contained a valid arbitration clause. The Clerk then entered Judgement in favor of the Defendant on February 16, 2010.

On September 21, 2010, the Plaintiff filed his Motion to Vacate Arbitrator's Decision [ECF No. 47], seeking to reopen the terminated case in order for the Court to review the arbitrator's decision. Along with his Motion, the Plaintiff filed a Memorandum of Law in

Support [ECF No. 48] and exhibits. On October 5, the Defendant filed a Motion to Dismiss [ECF No. 49], which is accompanied by exhibits, and a Response [ECF No. 50] to the Plaintiff's Motion, which is also accompanied by exhibits. On October 15, the Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss [ECF No. 51].

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Ill. v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). When considering a motion to dismiss for lack of subject-matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). A court may look beyond the jurisdictional allegations of the complaint and view whatever evidence the parties have submitted on the issue to determine whether subject-matter jurisdiction exists. *Id.* Nevertheless, the burden of proof lies with "the party asserting jurisdiction," which is the Plaintiff in this case. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

## DISCUSSION

### A. The Entry of Judgment

On February 16, 2010, the Clerk entered Judgment in this case. In its December 21, 2009, Opinion and Order, the Court granted the Defendant's Motion for Summary Judgment "in as much as it applies to the applicability of the arbitration clause and not the merits of the case," (ECF No. 45 at 6), but the Court did not order the entry of Judgment. The Seventh Circuit has instructed that "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright." *Halim v. Great Gatsby's Auction Gallery*, 516 F.3d 557, 561 (7th Cir. 2008). It may have been appropriate for the Court to stay this case to permit the parties to pursue arbitration, but in any event, it was a mistake for the Clerk to enter judgment. Pursuant to Rule 60(a), the Court will order that the Judgment [ECF No. 46] entered in this case be vacated.

### B. The Court's Subject-Matter Jurisdiction

Prior to the Clerk's entry of Judgment and the parties' participation in arbitration, this Court had jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332. The Court's subject-matter jurisdiction remains in-tact.

### C. The Defendant's Motion to Dismiss

In its Motion to Dismiss, the Defendant argues that the Court should dismiss the Plaintiff's Motion to Vacate Arbitrator's Decision because the Court lacks subject-matter jurisdiction in this case. It appears that the real concern of the Defendant is with venue.

The Federal Arbitration Act (FAA) provides in part that "the United States court *in and for the district wherein the award was made* may make an order vacating the award upon the application of any party to the arbitration." 9 U.S.C. § 10 (emphasis added). The venue provision in § 10 is permissive and not mandatory. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327, 329 (7th Cir. 1995); *In re VMS Sec. Litigation*, 21 F.3d 139, 145 (7th Cir. 1994). Although venue would be proper in the Eastern District of Michigan, the Defendant has not shown that venue in the Northern District is improper or impermissible. Considering that this case has already been pending before the Court and that this Court has already issued orders and determined the applicability of the arbitration clause in the lease agreement, the Court will deny the Defendant's Motion to Dismiss.

D.     **The Plaintiff's Motion to Vacate**

The Plaintiff filed his Motion to Vacate under 9 U.S.C. § 10(a) arguing that "1) there was undisputable, manifest disregard to the facts and law by the Arbitrator, 2) there was evident partiality or corruption in the Arbitrator, or either of them, 3) the Arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." (ECF No. 48 at 2.) The Plaintiff's Motion discusses the facts underlying the arbitration at length, including Michigan caselaw relevant to the underlying dispute. However, aside from noting that "Plaintiff's counsel is well aware of the high standard required to vacate an arbitrator's decision . . ." (ECF No. 48 at 2), the Plaintiff's Memorandum of Law in Support does not address the standard of review under the FAA, caselaw pertaining to the FAA, or any authority other than the statute that would support a vacation of the arbitrator's

4

award under the FAA.

> The FAA "lists the following grounds for setting aside an arbitral award":
>
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudices; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 268 (7th Cir. 2006) (quoting 9 U.S.C. § 10(a)). Federal courts "do not—and will not—review arbitral awards for legal or factual error." *Prostyakov v. Masco Corp.*, 513 F.3d 716, 722 (7th Cir. 2008) (citing cases).

The Plaintiff uses various labels and terminology from § 10(a) in his Motion and supporting materials, but he primarily focuses on attempting to re-litigate issues that were before the arbitrator. As this Court has already determined, the parties agreed in their written lease agreement to have any dispute resolved in arbitration. (ECF No. 45.) The Plaintiff raises concerns about manifest disregard of the facts and the law, corruption, and evident partiality, but he does not support his arguments with evidence. The Plaintiff bases his assertion of evident partiality on the apparent fact that attorneys from the law firm representing the Defendant knew the arbitrator from his previous service as a state court judge in Michigan. Although the Plaintiff points to a familiarity and argues it establishes partiality, he has failed to present any evidence of social, professional, or other types of relationships between the Defendant's counsel and the arbitrator that might call into question the arbitrator's impartiality. *See Guo v. Citibank Global Mkts., Inc.*, No. 1:04-CV-2006, 2007 WL 3286696, at *3 (S.D. Ind. Nov. 5, 2007) (citing *Health*

*Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1264 (7th Cir. 1992) ("Evident partiality requires demonstration of more than a mere appearance of bias.")); *see also Tamari v. Bache Halsey Stuart Inc.*, 619 F.2d 1196, 1200 (7th Cir. 1980) ("The interest or bias . . . must be direct, definite and capable of demonstration rather than remote, uncertain or speculative."). The Court finds that the Plaintiff has not demonstrated bias, much less shown with evidence evident partiality sufficient to be entitled to relief under § 10(a) of the FAA.

## CONCLUSION

For the foregoing reasons, the Court ORDERS the Judgment [ECF No. 46] VACATED, DENIES the Defendant's Motion to Dismiss [ECF No. 49], and DENIES the Plaintiff's Motion to Vacate Arbitrator's Decision [ECF No. 47]. The Court SETS a telephonic status conference in this case for March 21, 2011, at 2:30 PM Fort Wayne time, the Court will initiate the call.

So ORDERED on March 9, 2011.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION